IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| APPLIED RISK SERVICES, INC., a Nebraska Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>BEEMAC DRIVER MANAGEMENT, LLC, a Pennsylvania Limited Liability Company;<br><br>Defendant. | 8:15CV110<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Applied Risk Services, Inc. ("ARS") moved for leave to amend its complaint to change the name of the plaintiff and add Drivers Management Solutions, LLC as a defendant. (Filing No. 33). For the following reasons, the motion will be denied.

## BACKGROUND

Plaintiff ARS's complaint against Beemac Driver Management LLC ("Beemac") was filed in state court and removed to federal court. (Filing No. 1-1). In January of 2016, the court granted Defendant's motion to dismiss, reasoning that while the complaint alleged a the existence of a contract and damages, it did not contain facts demonstrating that the defendant breached any promise to the plaintiff. (Filing No. 19 at CM/ECF p. 2). The court afforded Plaintiff time to replead, and on February 4, 2016, ARS filed its amended complaint. The amended complaint named Beemac as the defendant and alleged Beemac breached its obligations under a Reinsurance Personnel Agreement entered into by Applied Underwriters Captive Risk Assurance Company, Inc. ("AUCRA"), Beemac, and Drivers Management Solutions, LLC ("Drivers Management"). (Filing No. 20 ¶¶ 3, 6, & 8). The complaint alleged that ARS was the billing agent "and was authorized by AUCRA and [Beemac] to account for, offset and true up any and all amounts due . . . and authorized to collect any amounts due under the [Agreement]." (Filing No. 20 ¶ 4).

The court entered its final progression order in March, setting an April 29, 2016 deadline for moving to amend the pleadings or add parties. ([Filing Nos. 25](), [23]()). Plaintiff timely filed this motion on April 29, 2016.

ANALYSIS

If the time for amending a pleading of a matter of course has expired, or a party has previously amended the complaint, a pleading may be amended only if the opposing party consents or with leave of court. [Fed. R. Civ. P. 15](). Courts are encouraged to allow amendments liberally, (see [Shen v. Leo A. Daly Co., 222 F.3d 472, 478 (8th Cir. 2000)](), but there is no absolute right to amend a pleading. [Hammer v. City of Osage Beach, Mo., 318 F.3d 832, 844 (8th Cir. 2003)](). Leave to amend may be denied for good reason including "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment[.]" [Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003)]().

1. Proposed Addition of Drivers Management Solutions, LLC as Defendant

Beemac argues that allowing the amendment will substantially delay the progression and resolution of this case. It argues that allowing time for serving the new defendant will require amending the progression schedule, will lead to greater motion practice, and will extend discovery.

ARS filed its motion within the time proposed in the parties' Rule 26(f) report and memorialized in the progression order. While the amended complaint may lead to further motion practice and greater discovery, on balance, time is saved when all proper parties to a transaction dispute are before the court at one time. Assuring that result does not create undue delay. Had timing been a substantial concern before Plaintiff's motion was filed, an earlier amendment deadline could have been proposed. But under the circumstances presented, ARS' motion is timely, and Beemac's objection based on speculation about potential case preparation

delay does not support a finding of "undue delay" or the denial of Plaintiff's motion on that basis.

Beemac next argues the proposed amendment is futile. The court will deny a motion for leave to amend as futile if the Plaintiff's proposed complaint fails to state a claim under the pleading standard described in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), thereby rendering the complaint subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Zutz v. Nelson, 601 F.3d 842, 850-51 (8th Cir. 2010). A complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). When assessing whether a plausible claim was alleged, the court considers only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint." Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012). The question at this preliminary stage is not whether the plaintiff might be able to prove his claim, but whether the has "adequately asserted facts (as contrasted with naked legal conclusions) to support" those claims. Id. at 1128-29.

To state a claim for breach of contract under Nebraska law, a plaintiff must plead facts showing "the existence of a promise, its breach, damage, and compliance with the conditions precedent which activate the defendant's duty." Dep't of Banking & Fin. of State of Neb. v. Wilken, 352 N.W.2d 145, 147 (Neb. 1984). Plaintiff's proposed second amended complaint alleges: Beemac and Drivers Management entered into an agreement with AUCRA (filing No. 31 ¶ 4); although AUCRA performed all conditions precedent, Beemac and Drivers Management breached by failing to pay amounts due under the agreement; (id. ¶¶ 5, 6); and as a result, Plaintiff was damaged. (Id. ¶ 8)

Plaintiff's proposed complaint is concise, but it pleads facts supporting all elements of a Nebraska breach of contract action; a promise in the form of a contract; a breach of obligations under the contract; damages; and performance by the plaintiff. Accepting Plaintiff's facts as true, the amended complaint states a claim that is plausible on its face. In addition, the court notes the proposed complaint is nearly identical to the amended complaint aside from omitting

ARS and adding Drivers Management. (See Filing No. 20). On the record before the court, adding Drivers Management as defendant would not be futile.

2. Amending the Name of Plaintiff.

Plaintiff also seeks to change the name of the plaintiff from ARS to AUCRA. But ARS and AUCRA are separate entities.[1] Thus the relief sought by Plaintiff in changing the Plaintiff to AUCRA is not proper under a Rule 15 motion to amend. If properly supported, Plaintiff may make this desired change under Rule 17.

Under Federal Rule of Civil Procedure 17(a) "[a]n action must be prosecuted in the name of the real party in interest." The real party in interest is the party that "actually possess[es], under the substantive law, the right sought to be enforced." Curtis Lumber Co. v. Louisiana Pac. Corp., 618 F.3d 762, 771 (8th Cir. 2010) (quoting United HealthCare Corp. v. Am. Trade Ins. Co., Ltd., 88 F.3d 563, 569 (8th Cir. 1996)). In the event a claim is brought by someone other than the real party in interest, Rule 17(a) provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by or joinder or <u>substitution of, the real party in interest</u>; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a)(emphasis added). This rule is intended to prevent forfeiture when determining the correct party to sue is difficult or when an understandable mistake has been made. Fed. R. Civ. P. 17 Advisory Committee note (1966).

AUCRA, not ARS, was a party to the Reinsurance Agreement. And ARS has not pleaded facts or otherwise shown that it has succeeded AUCRA's interest in the Reinsurance

---

[1] According to Plaintiff, ARS is a Nebraska Corporation, (filing no. 20 ¶ 1), while AUCRA is an Iowa Corporation. (Filing No. 32-1).

Agreement or that it otherwise has standing to bring a claim under the Agreement.[2] (See [Filing No. 20](#)). Although ARS claims it is authorized by the agreement to "account for, offset and true up any and all amounts due . . . and to collect any amounts due," this allegation is insufficient to establish ARS as a real party in interest. See [Applied Underwriters et al v. Top's Personnel, Inc., Doc. 22.](#)

Accordingly the court denies Plaintiff's Second Motion to Amend to the extent that it attempts to change the Plaintiff to AUCRA. ARS may file a motion to substitute under Rule 17(a), provided it can show it made an honest or understandable mistake as to the identification of the real party in interest. See [Live Entm't, Inc. v. Digex, Inc., 300 F. Supp. 2d 1273 (S.D. Fla 2003)](#).

IT IS THEREBY ORDERED that Plaintiff's Motion for Leave to amend, ([filing no. 34](#)), is denied. Any further motion to amend shall be filed on or before June 8, 2016.

Dated this 28ᵗʰ day of May, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[2] The court notes that Plaintiff ARS has other similar claims pending before this court. See [Applied Underwriters et al v. Top's Personnel, Inc., 8:15cv90JMGCRZ](#). In Applied Underwriters, Plaintiff ARS alleged the defendant breached its obligation on a similar agreement between AUCRA and the defendant. The court addressed whether Plaintiff ARS had standing to bring its claim as it was not a party to the agreement but was listed as the billing agent. ([Doc. 19](#)). The court concluded it was unclear why ARS was the proper party to enforce the terms of the agreement and ordered ARS to show cause why the court should not dismiss ARS's claim for lack of standing. After subsequent briefing on the issue, and on the parties' relationship (which revealed that AUCRA and ARS are separate entities that share a parent company ([Doc. 21](#))), the court ordered ARS to "demonstrate why it is the real party in interest, or the real party in interest shall ratify, join, or be substituted into this action." ([Doc. 22](#)) Subsequent to the court's order, Plaintiff Applied Underwriters filed an amended complaint omitting Plaintiff ARS and its claim from the lawsuit. ([Doc. 23](#))